[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
PROCEDURAL HISTORY
This court issued a memorandum of decision on October 7, 1997 granting summary judgment in favor of the plaintiff against the defendant, CDC Financial Corp., in the amount of $1,339,253.55 including interest through May 19, 1997, with interest accruing thereafter at the per diem rate of $240.63. [20 CONN. L. RPTR. No. 14, 469 (December 29, 1998).] That judgment remains in effect. In that memorandum, the court also concluded that the action against the guarantors was time barred, but before granting defendants' cross motion for summary judgment, it gave plaintiff additional time for discovery.
Plaintiff used that time to conduct depositions and obtain extension agreements of guarantee the last of which was dated October 12, 1990. Said letter agreement called for extension of the line of credit until October 26, 1990 and an immediate payment of $25,000 of principal on the new note dated October 12, 1990 which note is in the amount of $850,000, (which was a result of prior principal payments). This, too, was a demand note. The letter guarantee also included, inter-alia, a provision that CDC Financial Corp., the maker, would make the interest payments as set forth in the note. The court found that a payment of $9,854.86 dated December 31, 1990 had been received by the plaintiff on January 3, 1991. Accordingly, the court found the commencement of the statute of limitations was tolled until January 3, 1991, and the court found that this suit had been instituted on November 25, 1996 well within the six year statute CT Page 245 of limitations and that the suit against the guarantors was not time barred. The court, then, by memorandum of decision dated November 14, 1997 entered judgment in favor of the plaintiff against the guarantors.
However, the court was in error. The court had mistakenly assumed that the $9,854.86 payment was part of the $25,000 principal payment and not an interest payment. At the bottom of the first page of the November 14, 1997 decision, the court stated: "The last of such extensions was dated October 12, 1990 and called for a payment of $25,000. The last payment thereon
was dated December 30, 1990[1] and received by the plaintiff on January 3, 1991." (Emphasis added in this decision). It should be noted that the word "thereon" modifies the phrase "payment of $25,000" and clearly meant that the payment of $9,854.86 was part of the $25,000 and not an interest payment. The court was not aware at that time that the $25,000 payment had already been made by check dated October 19, 1990 in the full amount of $25,000. This was described in a letter from CDC Financial Corp., to the plaintiff dated October 19, 1990, a copy of which was included in the materials submitted by plaintiff on November 6, 1997.
Defendants then moved for reconsideration, claiming that they had not had an opportunity to respond to plaintiff's memoranda of November 6, 1997 and that the court had issued its November 14, 1997 supplemental decision before it could consider defendants' arguments. The court granted reconsideration and reargument. This was followed by briefs and reply briefs from both parties and oral argument before this court on December 22, 1997.
The court had not seen a copy of the $25,000 check in the file, nor noticed reference to the check in the letter dated October 19, 1990. The court concluded, consequently, that the $25,000 was being paid in installments, one of which was the December 31, 1990 payment. A copy of the $25,000 check, however, was produced at the hearing, and the parties agreed that the plaintiff had received it within a day or two of October 19, 1990.
ISSUES
Plaintiff argues that the letter agreement of October 12, 1990 signed by the guarantors reaffirmed the debt and was an affirmative authorization to make all subsequent payments CT Page 246 including the December 31, 1990 interest payment. The court is unpersuaded. Although it can be argued that the October 12, 1990 letter agreement reaffirming the debt and the original guarantees of the same date tolled the statute of limitations until then, it can also be argued that since the October 12, 1990 note and the letter agreement of the same date signed by the guarantors both include a provision that the obligations therein are on demand, that the extension to October 26, 1990 is meaningless. The court does concede that the agreement to make a specific payment of $25,000 on the principal by a specific dated, October 22, 1990 at the latest, may toll the statute of limitations to the date of payment, as was indicated in its November 14, 1997 Supplemental Decision. That date has now been agreed as October 20 or 21, 1990. Further, the court finds that the October 12, 1990 guarantee letter agreement as to interest payments on the note is no different than all the previous agreements on this debt, including the November 2, 1988 note and the October 25, 1988 and November 7, 1988 guarantees of said note. Therefore, this court finds for the same reasons set forth in its October 7, 1997 memorandum of decision that there is no evidence that the guarantors authorized any interest payments, including the one dated December 31, 1990, to be made on their behalf. What is lacking is any evidence of an intention by the guarantors to extend their liability by virtue of the interest payments made by the maker as well as any evidence that the interest payments were made by "agents" of the guarantors. Therefore, no payment of interest tolled the statute of limitations as to the guarantors.
At the most the statute of limitations would be tolled as of October 12, 1990, October 21, 1990 and/or October 26, 1990. Since the summons and complaint were served on November 25, 1996, more than six years thereafter, this action is time barred as to the guarantors.
There is no genuine issue of material fact, and the defendant guarantors are entitled to judgment as a matter of law. Accordingly, the judgments entered by this court's Supplemental Memorandum of decision of November 14, 1997 are hereby vacated. Now, the defendants' cross motion for summary judgment is granted, and the plaintiff's motion for summary judgment is denied.
Rittenband, J.